IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHILI WILLIE,<br><br>      Petitioner,<br><br>  v.<br><br>MICHAEL MARTEL, Warden,<br><br>      Respondent.<br>_____ | No. C 09-04288 CW (PR)<br><br>ORDER GRANTING RESPONDENT'S<br>MOTION TO DISMISS; AND DENYING<br>CERTIFICATE OF APPEALABILITY<br><br>(Docket no. 7) |

INTRODUCTION

Petitioner Chili Willie, a state prisoner incarcerated at Mule Creek State Prison, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an Order dated March 8, 2010, the Court dismissed two claims unrelated to Petitioner's conviction or incarceration. The Court also ordered Respondent to show cause why Petitioner's remaining claim of ineffective assistance of counsel should not be granted.

Respondent filed a motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). On August 5, 2010, Petitioner filed an opposition. On August 25, 2010, Respondent filed a reply.

For the reasons discussed below, the Court GRANTS Respondent's motion to dismiss.

PROCEDURAL BACKGROUND

In 2001, Petitioner was convicted of sex crimes, unlawful firearm possession, and contributing to the delinquency of a minor. He was sentenced to a term of fourteen years and eight months in state prison. On April 9, 2003, the California Court of Appeal

1 affirmed Petitioner's conviction.  On June 25, 2003, the California
2 Supreme Court denied his petition for review.
3    On April 13, 2004, Petitioner filed a state habeas petition in
4 the Sonoma County Superior Court.  That court denied the petition
5 on September 16, 2004.
6    On November 9, 2004, Petitioner filed a state habeas petition
7 in the state appellate court.  The state appellate court denied the
8 petition on November 10, 2004.
9    On March 21, 2005, Petitioner filed his first federal habeas
10 petition, alleging the same ineffective assistance of counsel
11 claim.  See Case no. C 05-1151 CW (PR).  On February 5, 2008, this
12 Court denied the petition for failure to exhaust state court
13 remedies.  Because there were no fully exhausted claims in the
14 petition, the Court stated that it had "no discretion to stay the
15 instant petition containing an unexhausted ineffective assistance
16 of counsel claim."  (February 5, 2008 Order at 7 (citing Rasberry
17 v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)).)
18    On December 3, 2008, Petitioner filed a state habeas petition
19 in the California Supreme Court.  The state supreme court denied
20 the petition on June 10, 2009.
21    On September 15, 2009, Petitioner filed the present action,
22 his second federal habeas petition.
23                             DISCUSSION
24    AEDPA imposes a statute of limitations on petitions for a writ
25 of habeas corpus filed by state prisoners.  Petitions filed by
26 prisoners challenging non-capital state convictions or sentences
27 generally must be filed within one year of the date on which the
28 judgment became final after the conclusion of direct review or the

time passed for seeking direct review.  "Direct review" includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether he actually files such a petition or not.  <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999).

In the present case, the California Supreme Court denied review on June 25, 2003.  (Mot. to Dismiss, Ex. C.)  The judgment became final for purposes of the statute of limitations ninety days later, on September 23, 2003.  <u>Bowen</u>, 188 F.3d at 1159.  Therefore, the limitations period began running on September 24, 2003.  28 U.S.C. § 2244(d)(1)(A).  Accordingly, Petitioner was required to file a federal habeas corpus petition no later than September 24, 2004.  <u>Id.</u>  Because Petitioner did not file the present petition until September 15, 2009 -- almost five years after the limitations period had expired -- the petition is untimely unless he can show that he is entitled to tolling.

I.   Statutory Tolling

AEDPA's one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  The limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court.  <u>Carey v. Saffold</u>, 536 U.S. 214, 223 (2002). In California, where prisoners generally use the State's original writ system, this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of the next original

3

state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.

A determination of unreasonable delay is particularly difficult to make in California: "The fact that California's timeliness standard is general rather than precise may make it more difficult for federal courts to determine just when a review application . . . comes too late." Id. at 223. Evans v. Chavis held, however, that California's appellate system could be treated similarly to those in other states, which measure delays "in terms of a determinate time period, such as 30 or 60 days." 546 U.S. 189, 192 (2006). In other words, "California's 'reasonable time' standard [should] not lead to filing delays substantially longer than those in States with determinate timeliness rules." Id. at 200 (citing Saffold, 536 U.S. at 222-23). Based on the Supreme Court's reference to the usual thirty or sixty day periods provided by states with determinate deadlines, a delay of sixty days would likely be reasonable. On the other hand, a longer delay of six months would likely be unreasonable: "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id. at 201.

The language in Evans referred to above -- that most states find thirty to sixty days to be reasonable -- seems to imply that delays are reasonable only if they are of roughly that magnitude, thirty to sixty days. More conclusive is the Supreme Court's statement that in determining whether a delay is reasonable "the [Ninth] Circuit must keep in mind that, in Saffold, we held that

4

timely filings in California fell within the federal tolling provision on the assumption that California law in this respect did not differ significantly from the laws of other states, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules." Id. at 199-200 (citing Saffold, 536 U.S. at 222-23). "California, of course, remains free to tell us if, in this respect, we were wrong." Id. at 200.

In the present case, before Petitioner began to pursue collateral relief in the state superior court on April 13, 2004, the limitations period had run for 202 days. Thus, Petitioner had 163 days (365 days minus 202 days) to file his federal habeas petition.

Respondent concedes that the limitations period should be tolled while the state habeas petitions were pending in the state superior and appellate courts. (Mot. to Dismiss at 3.) Respondent also concedes that the limitations period remained tolled during the gap between these two petitions. (Id.) Therefore, Petitioner is entitled to uninterrupted tolling from April 13, 2004 to November 10, 2004.

If Petitioner unreasonably delayed filing his next state habeas petition in the California Supreme Court, his collateral application for review "would no longer have been 'pending' during this period," Carey, 536 U.S. at 225, and he would not be entitled to tolling during this gap. The record shows that Petitioner waited over four years to file his state habeas petition in the state supreme court. Because of the unreasonable delay between the state appellate court's denial on November 10, 2004 and the filing

5

of his petition in the state supreme court on December 3, 2008, Petitioner is not entitled to gap tolling during this period.  The Court finds unavailing the argument that Petitioner would still be entitled to tolling because he spent part of this period -- from March 21, 2005 through February 5, 2008, totaling almost three years -- pursuing his first federal habeas petition in this Court.  As mentioned above, this Court denied his first federal habeas petition without granting Petitioner a stay because the petition contained one unexhausted claim.  It is well-established that an application for federal habeas review is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2).  <u>Duncan v. Walker</u>, 533 U.S. 167, 180-81 (2001).  Therefore, Petitioner is not entitled to tolling while he pursued his first federal habeas petition.

    However, even discounting the almost three-year time frame he spent in federal court, ten months elapsed after his first federal habeas petition was denied on February 5, 2008 and before he filed a petition in the state supreme court on December 3, 2008.  A California court would not have concluded that ten months was a reasonable delay under the thirty to sixty day standard articulated in <u>Evans</u>, 546 U.S. at 200, and Petitioner is not entitled to gap tolling between his state appellate court petition and state supreme court petition.

    Therefore, the limitations clock recommenced on November 11, 2004, the day after the state appellate court denied Petitioner's state habeas petition.  As discussed above, Petitioner had 163 days remaining to file his federal habeas petition.  On April 23, 2005, the limitations period expired.  Petitioner is not entitled to

6

1  statutory tolling during the pendency of his petition in the state
2  supreme court because the limitations period had already run when
3  he filed it on December 3, 2008.  See Ferguson v. Palmateer, 321
4  F.3d 820, 823 (9th Cir. 2003) (A state habeas petition filed after
5  AEDPA's statute of limitations ended cannot toll the limitations
6  period.).  Because Petitioner filed the present federal habeas
7  petition on September 15, 2009 -- over four years after the statute
8  of limitations had expired -- his petition is untimely unless he is
9  entitled to equitable tolling.

10 II.  Equitable Tolling

11      The one-year limitations period can be equitably tolled
12 because § 2244(d) is a statute of limitations and not a
13 jurisdictional bar.  See Calderon v. United States District Court
14 (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on
15 other grounds by Calderon v. United States District Court (Kelly),
16 163 F.3d 530 (9th Cir. 1998) (en banc).  "When external forces,
17 rather than a petitioner's lack of diligence, account for the
18 failure to file a timely claim, equitable tolling of the statute of
19 limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104,
20 1107 (9th Cir. 1999).  Equitable tolling will not be available in
21 most cases because extensions of time should be granted only if
22 "'extraordinary circumstances' beyond a prisoner's control make it
23 impossible to file a petition on time."  Beeler, 128 F.3d at 1288
24 (citation omitted).  The prisoner must show that "the
25 'extraordinary circumstances' were the cause of his untimeliness."
26 Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations
27 omitted).  Another statement of the standard is that a litigant
28 seeking equitable tolling bears the burden of establishing two

7

elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000)).

However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). When a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006).

In the present case, Petitioner alleges that his attorney told him he had one year after the denial of his petition for review on June 25, 2003 to file a habeas petition. (Opp'n at 13.) He further states, "So after nine months of writing I submitted my writ to the superior court on 4-13-04." (Id.) Petitioner incorrectly assumes that he had one year from the denial of his petition for review to file any habeas petition, state or federal. However, it seems that his attorney was referring to the AEDPA's

8

one-year limitations period to file a <u>federal</u> petition.  Further, the Court finds Petitioner's argument for equitable tolling unavailing because ignorance of the law and lack of legal experience typically do not excuse untimely filing, even for a <u>pro se</u> incarcerated prisoner.  <u>See</u> <u>Rasberry</u>, 448 F.3d at 1153.

Second, Petitioner argues that he was extraordinarily preoccupied throughout the limitations period with other legal matters.  He alleges that he (1) filed a complaint with the California state bar regarding his trial counsel, (2) filed a civil suit regarding inadequate medical care, and (3) resolved a restitution issue regarding impounded personal funds.  (Opp'n at 13.)  However, Petitioner does not show "any causal connection" between his pursuit of other legal matters and his inability to file a timely federal petition.  <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005).  Furthermore, a timely federal habeas petition would not have differed much from his state habeas petitions, and each state petition would have looked substantially similar.  If he had time to file one, he had time to file them all.  Therefore, there is no merit to Petitioner's argument that he is entitled to equitable tolling because of his preoccupation with pursuing other legal matters.

Lastly, Petitioner argues that he is entitled to equitable tolling because he lacked access to his legal file.  He accuses his trial counsel of "interrupting the procedural flow of justice through his spiteful refusal to produce my legal file for consideration by the trier of facts and to prevent the discovery of material evidence relative to the successful filing or adjudication of my habeas writ claim." (Opp'n at 14-15.)  Petitioner also

9

alleges that because of his appellate attorney's "failure or refusal to cooperate," he was "forced, out of desperation," to file his habeas petition. (Opp'n at 13.) Petitioner added, "the U.S. District Court stated that to prove my ineffective assistance of counsel (I.A.C.) claim I would likely need my legal file." (Opp'n at 14 (citing to Mar. 28, 2007 Order in Case no. C 05-1151 CW (PR)).) However, the Court actually determined that his legal file was not necessary, stating: "Although the Court recognizes that having the file likely would be necessary to prove Petitioner's ineffective assistance of counsel claim, it is not necessary to state the basic factual basis for that claim." (Mar. 28, 2007 Order in Case no. C 05-1151 CW (PR) at 4.) Because Petitioner did not need his legal file to successfully file a petition for habeas corpus, his lack of access to the file does not warrant equitable tolling. Ford v. Pliler, 590 F.3d 782, 790 (9th Cir. 2009) (affirming district court's determination that petitioner was not entitled to equitable tolling based on lack of access to his legal files because the record showed petitioner was aware of the factual basis for his claims without the files).

In sum, the limitations period ran for 202 days from September 24, 2003 until April 13, 2004, the date on which Petitioner began to pursue collateral relief. As mentioned above, Petitioner is entitled to statutory tolling during the period he pursued collateral relief in the state superior and appellate courts, but not during the period he pursued his petition in the state supreme court. The limitations period started to run again on November 11, 2004, when the state appellate court denied his petition. Petitioner had a total of 163 days (365 days minus 202 days)

10

remaining to file the his federal petition. The limitations period expired on April 23, 2005. The present petition is untimely because it was filed on September 15, 2009 -- over four years after the limitations period expired. Petitioner is not entitled to equitable tolling because none of his reasons -- including his ignorance of the law, preoccupation with pursuing other legal matters, or lack of access to his legal file -- constitute extraordinary circumstances beyond his control making it impossible to file his federal petition on time. Accordingly, the Court GRANTS Respondent's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's motion to dismiss the petition as untimely; the petition is hereby DISMISSED with prejudice.

Further, a certificate of appealability is DENIED. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk of the Court shall terminate all pending motions, enter judgment and close the file.

This Order terminates Docket no. 7.

IT IS SO ORDERED.

DATED: 3/7/2011

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHILI WILLIE,

    Plaintiff,

v.

MICHAEL MARTEL et al,

    Defendant.

Case Number: CV09-04288 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Chili Willie #T37197
Mule Creek State Prison
P.O. Box 409040
Ione, CA 95640

Dated: March 7, 2011

    Richard W. Wieking, Clerk
    By: Nikki Riley, Deputy Clerk